UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Freddie Lee Livingston,

Petitioner,

vs. REPORT AND RECOMMENDATION

Sheryl Ramstad Hvass,
Commissioner of the
Minnesota Department of
Corrections,

Respondent. Civ. No. 01-2117 (DSD/RLE)

* * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of February, 2002.

* * *

The above-entitled matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petitioner's Motion for Default Judgment, which was filed on January 29, 2002. In his Motion, the Petitioner complains that the Respondent has failed to respond to his Petition for a Writ of Habeas Corpus, see, Title 28 U.S.C. §2254, in accordance with our Order dated November 26, 2001, in which we directed the Respondent to respond within twenty days thereafter. See, Docket No. 3. However, the Petitioner fails to recognize that, upon the Respondent's request, we extended her time to respond to January 28, 2002, see,

FILED FEB 04 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK JH

Docket No. 10, and the Respondent complied with our Order by submitting her response on January 28, 2002. See, Docket Nos. 11 and 12. Therefore, the Petitioner's Motion for Default Judgment should be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's Motion for Default Judgment [Docket No. 13] be DENIED, as moot.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 22, 2002,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 22, 2002,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.