UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Freddie Lee Livingston,

Petitioner,

vs. REPORT AND RECOMMENDATION

Sheryl Ramstad Hvass,
Minnesota Department of
Corrections, Commissioner,

Respondent. Civ. No. 01-2117 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 24th day of July, 2002.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for Writ of Habeas Corpus, under Title 28 U.S.C. §2254. The Petitioner alleges that he is being illegally detained, by the Respondent, for reasons which are violative of his rights under the Constitution, laws, or the Treaties, of the United States. The Petitioner appears pro se, and the Respondent appears by Mary S. Crain, Assistant Anoka County Attorney.

For the reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be dismissed without prejudice.

(28)

FILED JUL 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK mb

## II. Factual and Procedural Background

The Petitioner is a State prisoner who, on February 24, 2000, was convicted of one Count of Criminal Sexual Conduct in the Third Degree. See, Minnesota v. Livingston, 2001 WL 740903 (Minn.App. July 3, 2001), rev. denied (Minn. September 11, 2001). He is currently serving a thirty-eight month sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota.

Following his conviction, the Petitioner filed an appeal with the Minnesota Court of Appeals. There, he alleged that the Trial Court erred in denying his Motion for a New Trial based upon a violation of the Order of Sequestration, and that the evidence was insufficient to sustain his conviction. Id. The Court of Appeals affirmed his conviction, in a decision dated July 3, 2001, and the Minnesota Supreme Court declined to review the matter further. Id.

As a result, the Petitioner filed this Petition for Writ of Habeas Corpus on November 20, 2001. In his Petition, he identifies his grounds for relief as follows:

> With the exception of 26.04 * * * the forgoing [sic] grounds were violated by way of a violation to: "The order of Witness Sequestration," in which witnesses spoke openly to one another about likes and dislikes pertaining to the defendant as well as matters pertaining to the case, in plain view of one of the other witnesses, to wit "Patricia Koch" on several occasions. This court should also accept review in the interest of justice because the evidence is insufficient to support peti-

> tioner's conviction of third-degree sexual conduct where the testimony of the complainant about the alleged sexual conduct was inconsistent. In addition, in light of the testimony of the other witness, it would be virtually impossible for petitioner and the complainant to have sexual intercourse in the bathroom at the time and in the manner the complainant described without the[ir] absence being noticed.

Petition for Writ of Habeas Corpus, at 5.

The Respondent acknowledges that the Petitioner has exhausted his State remedies with respect to the issue involving an alleged violation of the Order of Sequestration, as well as the purported insufficiency of the evidence to support the Petitioner's conviction.

However, the Petitioner went on to state the following, when responding to whether any of the grounds listed were not previously presented in any other Court:

> "Character of the victim and some of the prosecution witness." Characteristics of the victim and witnesses were not known at the time, and lawyer did not check their characters at the time. Know [sic] DNA Testing, Any Medical Examine of sexual penetration.

Id.

The Respondent has construed this allegation as raising a claim of ineffective assistance of counsel, under the Sixth Amendment of the United States Constitution, and some sort of additional claim regarding the character of the witnesses. As a result of that construction, the Respondent argues that those claims were not pre-

sented to the State Courts and, consequently, that the Petition must be dismissed as a "mixed Petition," as it contains both exhausted and unexhausted claims. The Respondent also argues that the Petition should be dismissed on substantive grounds. Since we agree, that the Petition contains both exhausted and unexhausted claims, we need not reach the substantive arguments.

III. Discussion

A. Standard of Review. Section 2254(b) prohibits the issuance of a Writ of Habeas Corpus "unless it appears that * * * the applicant has exhausted the remedies available in the courts of the State * * *." Title 28 U.S.C. §2254(b)(1)(A). Accordingly, a State prisoner, who seeks Federal Habeas relief, must first exhaust his State remedies by presenting the State Courts with a fair opportunity to rule upon the claims presented in his Federal Petition. See, O'Sullivan v. Boerckel, 526 U.S. 838, 841 (1999) (concluding that, in order to satisfy the exhaustion requirement, a petitioner must give the State Court of last resort a chance to review the case, even if the Court has discretionary control over its docket); Duncan v. Henry, 513 U.S. 364, 365 (1995)(stating that exhaustion requires State prisoners to "fairly present" Federal claims to the State Courts); Rose v. Lundy, 455 U.S. 509, 515 (1982)(ruling that a Federal Court must dismiss a Petition when it contains both exhausted and unexhausted claims); Dixon v. Dormire,

263 F.3d 774, 777 (8th Cir. 2001); Mills v. Norris, 187 F.3d 881, 883 (8th Cir. 1999); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996); Krimmel v. Hopkins, 56 F.3d 873, 875-76 (8th Cir. 1995). The exhaustion requirement is based upon the principles of federalism and comity, and is designed to give the State Courts the first opportunity to correct any alleged constitutional defects in the State Court proceedings. See, O'Sullivan v. Boerckel, supra at 842; Rose v. Lundy, supra at 518-19.

In this context, a claim has not been "fairly presented" to the State Courts unless the same factual grounds, and legal theories, which are asserted in the Federal Habeas Petition, have been properly raised in the State Court proceedings. See, Duncan v. Henry, supra at 366 ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); Abdullah v. Groose, supra at 411 ("A prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim."); Krimmel v. Hopkins, supra at 876. To satisfy the "fairly presented" requirement, a State prisoner is required, in the State proceedings, to have "'refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal con-

stitutional case, or a state case raising a pertinent federal constitutional issue.'" Abdullah v. Groose, supra at 411-12, quoting Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993); see also, Frey v. Schuetzle, 151 F.3d 893, 897 (8th Cir. 1998); Wyldes v. Hundley, 69 F.3d 247, 251 (8th Cir. 1995)("To satisfy the fair presentation requirement, we traditionally demand that a habeas petitioner have presented 'the same legal theories and factual bases to the state courts,'" although "it is not necessary to cite 'book and verse on the federal constitution.'")[citations omitted]; McDougald v. Lockhart, 942 F.2d 508, 510 (8th Cir. 1991)("Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court.").

If the Petitioner has failed to exhaust his State Court remedies, and if the State Court to which he should have presented his claim would now find it procedurally barred, the claim is procedurally defaulted. See, Abdullah v. Groose, supra at 411; Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). In addition, if a Petitioner has attempted to raise a claim in State Court, but the State Court determines that the Petitioner has defaulted the claim under a State procedural rule, Federal Courts will not, as a general proposition, consider the claim on Habeas review. See, Lee v. Kemna, 534 U.S. 362, 122 S.Ct. 877, 885 (2002); Coleman v. Thompson, supra

at 750; Owsley v. Bowersox, 234 F.3d 1055, 1058 (8th Cir. 2000); Sloan v. Delo, supra at 1378. Accordingly, "[a] default under a state procedural rule bars consideration of a federal claim presented to the state courts if the last state court to review the claim specifically rested its decision on an adequate and independent state ground * * *." Sloan v. Delo, supra at 1378, citing Harris v. Reed, 489 U.S. 255, 260-63 (1989); see also, Lee v. Kemna, supra at 885 ("This Court will not take up a question of federal law presented in a case 'if the decision of [the state] court rests on a state law ground that is *independent* of the federal question and *adequate* to support the judgment.'" [emphasis in original]), quoting Coleman v. Thompson, supra at 729; Murray v. Hvass, 269 F.3d 896, 898 (8th Cir. 2001); Oswley v. Bowersox, supra at 1058.

A claim that is procedurally defaulted under State law, however, is barred from Federal review only if the State procedural rule is "firmly established and regularly followed." Lee v. Kemna, supra at 885; see also, Randolph v. Kemna, 276 F.3d 401, 403 (8th Cir. 2002), citing Dixon v. Dormire, supra at 781; Murray v. Hvass, supra at 899. Under Minnesota law, it is a well-established procedural rule that, "'where [a] direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction re-

lief.'" Murray v. Hvass, supra at 899, quoting Minnesota v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); see also, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Townsend v. Minnesota, 582 N.W.2d 225, 227-29 (Minn. 1998); Roby v. Minnesota, 531 N.W.2d 482, 484 (Minn. 1995); Fox v. Minnesota, 474 N.W.2d 821, 824 (Minn. 1991); Case v. Minnesota, 364 N.W.2d 797, 799 (Minn. 1985). Generally, only where the "claim is so novel that it can be said that it's legal basis was not reasonably available to counsel at the time the direct appeal was taken and decided," will a Minnesota Appellate Court consider the claim. Roby v. Minnesota, supra at 484.

Our Court of Appeals has recognized, however, that, under Minnesota law, "a direct appeal from a judgment of conviction is not the most appropriate way to raise a claim of ineffective assistance of trial counsel because the reviewing court does not have the benefit of all the facts concerning why defense counsel did or did not do certain things." Murray v. Wood, 107 F.3d 629, 631-32 (8th Cir. 1997), citing Roby v. Minnesota, supra at 484 n.1. Further, the Court has noted that "Minnesota courts will 'consider[] ineffective assistance claims in postconviction proceedings even though [the] petitioner did not raise the claims on direct appeal.'" Id., citing Scruggs v. Minnesota, 484 N.W.2d 21, 25 (Minn. 1992).[1]

---

[1]We do not believe that a different result is reached under the Court's most recent holding, in Murray v. Hvass, 269 F.3d 896

Moreover, a Federal Habeas Court may consider a Petitioner's procedurally defaulted claims if the Petitioner establishes "cause for and prejudice" from his default, see, Sawyer v. Whitley, 505 U.S. 333, 338 (1992); Joubert v. Hopkins, supra at 1242, or that he has evidence that a miscarriage of justice will occur unless his claims are reviewed, i.e., evidence of actual innocence, see,

---

(8th Cir. 2001), where the Court had reason to reconsider its earlier ruling in Murray v. Wood. In Murray v. Wood, our Court of Appeals affirmed the District Court's denial of Habeas relief, on exhaustion grounds, because the prisoner had not filed a Petition for postconviction relief in the State Court, even though he had filed a direct appeal in that Court. Determining that the State Courts of Minnesota would review such a postconviction request, notwithstanding the exhausted direct appeal, the Court concluded that the Petitioner had failed to exhaust his claim.

Following Murray v. Wood, the prisoner filed a request for postconviction relief in the State Courts, see, Murray v. State, 1998 WL 747175 at *1-2 (Minn.App., October 27, 1998), rev. denied (Minn. January 21, 2001), which the Minnesota State Courts denied, holding that the claim had been procedurally exhausted. The prisoner then filed a second Petition for Habeas Corpus, in the Federal District Court, "which determined that habeas relief was unavailable to [the prisoner] because the state courts had held that his claim was procedurally defaulted." Murray v. Ilvass, supra at 898. On appeal, the Court of Appeals for the Eighth Circuit affirmed the District Court's decision, and rejected the prisoner's argument that, in denying his request for postconviction relief on grounds of procedural default, the Minnesota Courts had applied a rule that they had not consistently applied. Id. at 899. The Court went on to hold that, "[b]ecause '[a] federal court conducting habeas corpus review must ordinarily refrain from reviewing any issue that a state court has already found to be defaulted on an adequate and independent state-law basis,' Owsley v. Bowersox, 234 F.3d 1055, 1058 (8th Cir. 2000), and because [the prisoner] has not alleged cause and prejudice for his default or that he is actually innocent, we decline to consider the merits of his argument with respect to ineffective assistance of counsel." Id. at 900.

O'Rourke v. Endell, 153 F.3d 560, 566 (8th Cir. 1998); Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). In order to demonstrate "cause and actual prejudice," the Petitioner must present adequate cause for abandoning his State Court remedies, and a showing of actual prejudice that has been produced as a result of his having bypassed his remedies under State law. See, Pollard v. Armontrout, 16 F.3d 295, 297 (8th Cir. 1994).

B. Legal Analysis. Prior to determining whether the Petition, here, must be dismissed for failure to exhaust his State Court remedies, we first are obligated to decide whether the Petition should be construed as containing a claim of ineffective assistance of counsel, or any other claim. The Petitioner has not filed any documentation, beyond the Petition itself, that would assist us in making this determination.

It is well established that a Petition filed by a pro se litigant should be "'interpreted liberally and * * * should be construed to encompass any allegation stating federal relief.'" Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), quoting White v. Wyrick, 530 F.2d 818, 819 (8th Cir. 1976). Thus, we have an obligation to analyze all alleged facts to determine whether they state a Federal claim. Id. Nonetheless, we "must be careful to adjudicate only those claims upon which the petitioner seeks relief and take care not to decide claims upon which the habeas petitioner

never intended to seek relief." Frey v. Scheutzle, 78 F.3d 359, 360-61 (8th Cir. 1996).

In this case, the determination of whether the Petitioner has alleged a claim of ineffective assistance of counsel, or a claim based on the character of the victim or the prosecution witnesses, is of utmost importance because, if the Petitioner does, indeed, seek to raise those claims, but we fail to construe the Petition as such, any second or successive Petition, which raises the same claims may be dismissed if the Court finds that the Petitioner's failure to assert the grounds, in a prior Petition, constituted an abuse of the Writ. See, Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts; see also, Rose v. Lundy, supra at 521; Dukes v. Lockhart, 769 F.2d 504, 506 (8th Cir. 1995).

Given the Petitioner's framing of his claims, we conclude that, at the very least, the Petition should be construed to assert a claim for ineffective assistance of counsel. The Petitioner alleges that his "lawyer" did not check the character of the victims, or some of the prosecution witnesses, and apparently, that there was no DNA testing done, or any medical examination of the victim, so as to detect evidence of sexual penetration. Clearly, this allegation implicates a claim of ineffective assistance of counsel,

as the Petitioner's attorney is alleged to have failed to investigate the character of the victim, and other witnesses for the prosecution -- for impeachment purposes -- and failed to develop, or uncover, other evidence which would have the effect of testing and, perhaps, refuting the victim's allegations.[2]

While it is true that the alleged ineffective assistance of counsel does not appear in the paragraph listing the Petitioner's other, exhausted grounds for relief, but is incorporated in the section in which the Petitioner states any grounds for relief that were not previously presented in any Court, his inclusion of the ineffective assistance of counsel claim, within this section buttresses our finding that the Petitioner intended to raise that additional ground for the relief here. Moreover, in light of the fact that his failure to raise a claim for ineffective assistance of counsel in this Petition could result a in waiver of the claim upon the filing of any successive Petition, we conclude that we must construe the Petition as containing a claim for ineffective assistance of counsel.

---

[2]Since we find the Petition to plainly include a claim for ineffective assistance of counsel, we decline to express an opinion as to whether the Petitioner's allegations include some independent claim concerning the character of the victim, or prosecution witnesses.

Turning, then, to a determination of whether the Petitioner exhausted his ineffective assistance of counsel claim, it is clear that he has never sought relief in the State Court's on the claim. Rather, he raised a couple other issues before the Minnesota Courts, and then came directly to Federal Court, and asserted this completely new contention. In short, the Petitioner has not afforded the State Courts a fair opportunity to rule upon the factual and legal substance of all of the claims that he attempts to advance in this Court. Moreover, it remains unclear, at this stage, whether the Minnesota Courts would conclude that his claim of ineffective assistance of counsel is procedurally defaulted, or whether they would allow it to be reviewed. See, Murray v. Wood, supra at 631-32, and cases cited therein. Thus, we find that, at a minimum, the Petitioner has not exhausted his claim of ineffective assistance of counsel, and we further conclude that he must first do so before we may legitimately consider his claims here.

Moreover, even though it does appear that the Petitioner's other two claims -- namely, an alleged violation of the Sequestration Order, and the asserted insufficiency of evidence to support his conviction -- have been exhausted, we must still recommend that his Petition be denied, at this time, because it contains both exhausted and unexhausted claims. See, Rose v. Lundy, supra at 515 (ruling that a Federal Court must dismiss a Petition when it con-

tains both exhausted and unexhausted claims). Therefore, we recommend that the Petitioner's Habeas Petition be denied, but without prejudice to its renewal if, after the Petitioner properly exhausts his claims with the State Court, he still has a basis to pursue a Federal remedy.[3]

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Petition for Writ of Habeas Corpus [Docket No. 1] be denied, but without prejudice.

2. That the Motion to Remove Libel, Slander, Malice, Defamation, etc. off MN-Doc's Web-Site [Docket No. 25] be denied, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to

[3]The Petitioner has also filed a "Motion to Remove Libel, Slander, Malice, Defamation, Etc. Off MN-Doc's Web-Sites." Given our recommendation to dismiss the Petition without prejudice, we also recommend that this Motion be denied, as moot.

this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 9, 2002,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 9, 2002,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.